VINCENT BASCIANO, Respondent, *v.* GEORGE A. FULLER COMPANY, Appellant, and RIZZI CONSTRUCTION Co., INC., Respondent.

First Department, December 18, 1956.

*Archie B. Morrison* of counsel (*Patrick D. Warren* with him on the brief; *William S. O'Connor,* attorney), for appellant.

*Benjamin H. Siff* of counsel (*Samuel Justin Jackman,* attorney), for Vincent Basciano, respondent.

*Edward Ash* of counsel (*Sidney A. Schwartz* with him on the brief; *William C. Morris,* attorney), for Rizzi Construction Co., Inc., respondent.

*Per Curiam.*  While working on the third-floor setback of a building in the course of construction, plaintiff, an employee of Puzio, the bricklaying subcontractor, was struck and injured by a piece of concrete which fell from a higher section of the building where employees of defendant Rizzi were engaged in removing wooden forms from concrete installations.  The day before the accident, Puzio, in order to start laying brick the following morning on the third floor (outside), had erected a ramp leading to the third-floor setback for the use of employees in carrying bricks to the west wall where the work was to be done.  It was while standing on the setback at a point near the ramp that plaintiff, who was directing the bricklayers' work, was injured.  No overhead covering had been provided at this point by Puzio.  Defendant Fuller, the general contractor, had nothing to do with erecting the ramp or preparing the place where Puzio's employees were to work.  Nor did Fuller supervise or direct in any way either the bricklaying operation or the removal of the concrete forms.

On these facts the lower court granted judgment against defendant Rizzi and also against defendant Fuller, the general contractor, holding that they were both actively negligent. Accordingly, defendant Fuller was denied judgment on its claim over against Rizzi.  We think the evidence was insufficient to show that defendant Fuller was guilty of active or primary negligence, and, following the principles expressed in *McFall* v. *Compagnie Maritime Belge* (304 N. Y. 314) and *Harrington* v. *615 West Corp.* (1 A D 2d 435) should be indemnified by Rizzi. At most, Fuller was guilty only of an act of omission.  It had no part in creating the dangerous situation.  Although there was some testimony by one of Fuller's employees that where

forms are removed, concrete occasionally falls, nevertheless on the facts here, it cannot be said that Fuller knew or should have known that a dangerous condition existed at the moment of the accident. In the circumstances, Fuller should have judgment over against Rizzi, who must be held solely responsible for the affirmative active negligence on its part.

The judgment should be modified insofar as it dismisses the cross complaint of the defendant George A. Fuller Company against the defendant Rizzi Construction Co., Inc., and judgment on the cross complaint should be granted, with costs and disbursements, and as thus modified, affirmed.

BOTEIN, J. P., RABIN, FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously modified insofar as it dismisses the cross complaint of the defendant George A. Fuller Company against the defendant Rizzi Construction Co., Inc., and judgment on the cross complaint granted, with costs and disbursements and, as so modified, affirmed. Settle order on notice.